IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEVELAND GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1183-NJR |
| | ) |
| THOMAS BURRELL, LU WALKER, | ) |
| BOB ALLARD, and B. HARRIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cleveland Garner, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Garner alleges he was improperly charged a dental lab fee and had issues with his teeth.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## Discussion

There are a number of issues with Garner's Complaint (Doc. 1). First, it lacks a statement of claim. He includes a request for relief that asks for a refund for a dental lab fee and notes that he has asked for his teeth to be fixed three or four times and was never offered a soft diet (Doc. 1, p. 7). On a page asking Garner about the administrative remedies he sought, he states that he should not have to pay a lab fee and that Thomas Burrell was negligent in fixing his teeth (*Id.* at p. 8). He notes that they broke up in his mouth (*Id.*). His attached exhibits include three pages where he talks about possible claims, although it is not clear to the Court that these are Garner's actual statement of claims. He states that Bob Allard sent his grievances back to him, intimidated Garner by accusing him of changing signatures on the grievance, and fabricated stories (Doc. 1-1, p. 1). His attachments also state that Burrell knew he had complaints against him, that Burrell told him he had gum disease and it was due to Garner's own negligence, and that Burrell wanted Garner to pay for his dental work (*Id.* at pp. 1, 10, 11).

But Garner fails to provide the Court with a plain, concise statement of his claims. His possible allegations are found on numerous different pages. He also does not indicate when his dental care occurred, nor does he indicate what dental work was performed by Burrell. This is clearly not enough information to state a viable deliberate indifference claim under the Eighth Amendment. Further, to the extent that he takes issue with being charged a lab fee, an inmate's constitutional rights are not violated by the collection of a fee for prison medical services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the

Constitution"); *Hightower v. Godinez*, 524 F. App'x 294, 296 (7th Cir. 2013) ("[T]o the extent [the plaintiff] argues that he was exempt from the co-payment because he met a statutory exception for treatment of 'chronic' pain, *see* 730 ILCS § 5/3-6-2(f), that is a question of state law, which cannot form the basis for a [Section] 1983 claim."). Further, the Eighth Amendment "does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Poole*, 703 F.3d at 1026. Nor can Bob Allard by liable for simply denying Garner's grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Garner also fails to include any allegations against Lu Walker or B. Harris. Lu Walker, B. Harris, and Bob Allard also are not included in the caption of Garner's Complaint. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party). Thus, Garner fails to state a claim.

If Garner wishes to proceed with his claims, he would need to file an Amended Complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1).

The Court reminds Garner that a successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The Amended Complaint should identify who violated his constitutional rights by name, if known, and should include a description of how his rights were violated, which he has not done with his current Complaint. He should identify what issues he had with his teeth, when he sought dental care and from whom, and what care was performed. Additionally, any individual Garner intends to sue should be identified as a defendant in the case caption *and* should be referenced in the body of the Amended Complaint.

## Pending Motions

As to Garner's motion for counsel (Doc. 2), he states that he has some high school education and does not speak, write, or read English very well (although he does not further explain his specific issues as directed in the form). He has not identified any attempts to contact counsel on his own. Thus, the Court **DENIES** his motion for counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Garner to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation.

## Disposition

For the reasons stated, Garner's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim.

Garner is **GRANTED** leave to file a "First Amended Complaint" on or before **January 10, 2022**. Should Garner fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Garner's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Garner must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Garner is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Garner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/13/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**