IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLEVELAND GARNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-1183-NJR |
| ) | |
| ) | |
| **THOMAS BURRELL, LU WALKER,** ) | |
| **BOB ALLARD, and B. HARRIS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cleveland Garner, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Garner's original Complaint (Doc. 1) was dismissed without prejudice because he failed to provide the Court with a plain, concise statement of his claims. Garner was granted leave to amend, but his next filings (Docs. 9, 10) did not stand on their own as amended complaints, and the Court granted Garner additional time to submit an amended complaint. On January 28, 2022, Garner filed his Amended Complaint (Doc. 13). Garner again alleges that he was improperly charged a dental fee and that the dentist will not repair his teeth. Garner seeks monetary damages and injunctive relief in the form of dental services.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

The Court notes that Garner's Amended Complaint is once again confusing and not laid out in a concise manner. It includes three separate statements of claims (Doc. 13, pp. 6, 10, 14) and additional factual allegations between the statements of claims. The Court is able to decipher a few allegations in the Amended Complaint (Doc. 13):

Garner alleges that he has problems with his teeth that Dr. Burrell will not repair them (*Id*. at p. 6). Although not exactly clear, it appears that Garner has dentures (he refers to lab fees for fixing his teeth). Although Dr. Burrell previously fixed his teeth in 2017 and 2019, Garner's teeth continue to break every time he eats food (*Id*. at pp. 6, 8). His broken teeth cause his gums to bleed, and he suffers from an inability to eat or swallow food which has led to weight loss and constipation (*Id*. at p. 6). Garner alleges that he now has gum disease (*Id*.). Dr. Burrell will no longer repair the teeth because Garner "cannot afford it." (*Id*. at pp. 6, 9). Garner does not have the money in his account to pay the lab fees (*Id*. at p. 8). Garner also complains that Dr. Burrell improperly charged him $164.00 dental fee (*Id*. at pp. 6, 9). He requests reimbursement of the fee (*Id*. at p. 7).

Dr. Burrell also directed B. Harris to state that Garner was a "poor energy person" although the purpose behind this directive is not clear (*Id.* at p. 9). Garner states that if Harris labeled him "a poor energy person," then Dr. Burrell would send his teeth out for repair (*Id.*). B. Harris works in the business office, and Garner alleges that she has also deprived him of his state pay since January 2021 (*Id.* at pp. 10, 12). It appears his state pay went towards his remaining lab fee because Garner complains that only $5.00 is supposed to be paid from his account towards the fee per month (*Id.*). If he receives any money from family, the money is immediately taken from his account to pay his court fees and/or lab fees (*Id.* at p. 10).

As to Bob Allard, Garner alleges that he is the clinical services supervisor and caused Garner mental and emotional stress and pain by accusing him of signing signatures. It is not clear from the Amended Complaint what documents Garner allegedly signed, only that the documents were signed December 10, 2018, and Allard brought up the changed signatures at a prior court hearing in 2021 (*Id.* at p. 11).

## Preliminary Dismissals

Garner brings a number of allegations that fail to state a claim. First, Garner identifies Lu Walker in the caption of his Amended Complaint but fails to include any allegations against him in the statement of claim. Because there are no allegations stating a constitutional violation by Walker, he is **DISMISSED without prejudice**.

Garner also fails to state a claim against Bob Allard. His Amended Complaint alleges merely that Allard stated that Garner forged or changed his signature on a document (what that document is, is not clear) and testified about the signature at a prior

3

hearing. Garner fails to allege how these actions amount to a constitutional violation. Thus, any potential claim against Allard is also **DISMISSED without prejudice**.

Finally, Garner alleges that both Dr. Burrell and B. Harris improperly charged him a lab fee and that B. Harris improperly takes funds out of his account to pay the lab fee. But an inmate's constitutional rights are not violated by the collection of a fee for prison medical services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). The Eighth Amendment "does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Id.* at 1026. Thus, any claim regarding his requirement to pay the lab fee is **DISMISSED without prejudice**. *See Clark v. Doe*, 202 F.3d 272, 1999 WL 994019, at *2 (7th Cir. 1999) (affirming dismissal of inmate's medical expense claim where hospital billed inmate for $1,700 because prison "fulfilled its Eighth Amendment duty to [plaintiff] by seeing that he was immediately taken to the hospital for treatment," and his "medical care was not conditioned on his ability to pay for it."). To the extent Garner also alleges that Harris is improperly taking money out of his account to pay his court fees, those allegations also fail to state a claim. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). To the extent that Garner alleges Dr. Burrell refuses him additional care because he has no remaining money in his account and cannot afford care, the Court finds those allegations do state a claim as discussed below.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Burrell for refusing to fix Garner's broken teeth.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Garner states a viable deliberate indifference claim against Dr. Burrell. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). *See also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (stating that "[t]ooth decay can constitute an objectively serious medical condition because of pain and the risk of infection.")

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Thomas Burrell. All other claims and defendants are **DISMISSED without prejudice**.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Defendant Thomas Burrell: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Garner. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Garner, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Garner, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Garner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 22, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your amended complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**