IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEVELAND GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-1183-MAB |
| | ) |
| THOMAS BURRELL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for summary judgment on the issue of exhaustion filed by Defendant Thomas Burrell (Doc. 28; *see also* Doc. 29). For the reasons explained below, the motion is granted.

### BACKGROUND

Plaintiff Cleveland Garner, an inmate of the Illinois Department of Corrections, brought this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Shawnee Correctional Center. Plaintiff's amended complaint was screened pursuant to 28 U.S.C. § 1915A, and while it was described as "confusing and not laid out in a concise manner," the Court was still able to gather that Plaintiff was complaining about broken teeth that the dentist refuses to fix and fees that he was charged for dental care (Doc. 14; *see also* Doc. 13). Plaintiff was permitted to proceed on an Eighth Amendment deliberate indifference claim against Dr. Burrell for refusing to fix Plaintiff's teeth (Doc. 14, pp. 4, 5).

Plaintiff previously pursued an essentially identical claim against Dr. Burrell in a different suit: *Garner v. Burrell*, SDIL Case No. 20-cv-199-GCS, Docs. 1, 17. That case was filed in February 2020. *Id.* at Doc. 1. Dr. Burrell moved for summary judgment on the issue of exhaustion in April 2021. *Id.* at Docs. 40, 41. After holding an evidentiary hearing, Magistrate Judge Gilbert Sison determined that Plaintiff failed to exhaust his administrative remedies prior to filing suit. *Id.* at Doc. 60. In so ruling, Judge Sison determined there were two grievances relevant to the issue of dental care, dated November 13, 2018, and January 27, 2019, neither of which were fully exhausted. *Id.* Specifically, after Plaintiff received responses from the counselor to the two grievances, he sent them straight to the ARB and skipped the next step of sending them to the grievance officer. *Id.* The case was dismissed without prejudice and judgment was entered on July 29, 2021. *Id.* at Doc. 61

Two months after case 20-cv-199-GCS was dismissed, Plaintiff filed the instant suit on September 27, 2021 (Doc. 1). The original Complaint was dismissed without prejudice because Plaintiff failed to provide a plain, concise statement of his claims (Doc. 8). Plaintiff's next filings, (Docs. 9, 10), were dismissed because they did not stand on their own as amended complaints (Doc. 11). On January 28, 2022, Plaintiff filed his Amended Complaint (Doc. 13), and was permitted to proceed on the above-mentioned deliberate indifference claim against Dr. Burrell (Doc. 14).

Dr. Burrell filed a motion for summary judgment on the issue of exhaustion on July 12, 2022 (Doc. 28; *see also* Doc. 29). He argues that the two grievances addressed by Judge Sison in Plaintiff's earlier case remain unexhausted (Doc. 29, pp. 12–14). He further

argues that there are two additional grievances, which were rejected for procedural reasons and therefore unexhausted (*Id.* at pp. 14–15). Plaintiff filed a response in opposition to the motion for summary judgment (Doc. 31). He argues that he did the best he could. Dr. Burrell did not file a reply brief.

The Court reviewed both parties' briefs and determined there are no issues of fact and a hearing is not necessary.

### FINDINGS OF FACT

The first grievance at issue was dated November 13, 2018 (Doc. 29-3, pp. 29–30). Plaintiff complained that Dr. Burrell would not continue fixing his teeth because he did not have any money in his account. As already mentioned, Judge Sison determined that this grievance was unexhausted because after Plaintiff received the counselor's response, he sent the grievance straight to the ARB without first obtaining responses from the grievance officer and warden. *Garner v. Burrell*, SDIL Case No. 20-cv-199-GCS, Doc. 60. The records indicate that the ARB's response was dated December 14, 2018 (Doc. 29-3, p. 29), and it was received at the prison on January 2, 2019 (Doc. 29-1, p. 7). After, Plaintiff sent the grievance to the ARB a second time in February 2019, the ARB once again returned it (*see* Doc. 29-3, pp. 24–28). The ARB's second response was dated February 20, 2019 (*Id.* at p. 24), and it was received at the prison on February 26, 2019 (Doc. 29-1, p. 7). There is no indication in Plaintiff's cumulative counseling summary, (Doc. 29-1), or the facility's grievance records, (Doc. 29-2), that Plaintiff made any attempt to correct the procedural deficiency by submitting the grievance for second level review by the

grievance officer. Plaintiff does not contend anything of the sort in his response brief (*see* Doc. 31).

The second grievance at issue was dated January 27, 2019 (Doc. 29-3, pp. 24–28). Plaintiff stated in this grievance that his teeth were bothering him and he needed them fixed. As already mentioned, Judge Sison determined that this grievance was unexhausted because after Plaintiff received the counselor's response, he sent the grievance straight to the ARB without first obtaining responses from the grievance officer and warden. *Garner v. Burrell*, SDIL Case No. 20-cv-199-GCS, Doc. 60. The records indicate that the ARB's response was dated February 20, 2019 (Doc. 29-3, p. 24), and it was received at the prison on February 26, 2019 (Doc. 29-1, p. 7). There is no indication in Plaintiff's cumulative counseling summary, (Doc. 29-1), or the facility's grievance records, (Doc. 29-2), that Plaintiff made any attempt to correct the procedural deficiency by submitting the grievance for second level review by the grievance officer. Plaintiff does not contend anything of the sort in his response brief (*see* Doc. 31).

The third grievance at issue (and the first "new" grievance that has not already been subjected to judicial scrutiny) is number 2021-04-134, dated April 19, 2021 (Doc. 29-3, pp. 11–13). In this grievance, Plaintiff stated:

> Dr. Burrell [had] fixed my teeth 3 times and now all of a sudden he is wanting me to pay for my lab fee to fix my teeth. They have been taking money from me that my family has sent me[,] not just state pay. The dates are 2017-2018-and 2019 lab fees. I am in pain + suffering because I cant go to commissary.

(*Id.* at p. 13). In the "Relief Requested" section of the grievance, Plaintiff wrote, "I would like to be reimbursed all of my money that my family sent me that you have taken from

me for the lab fees, that I way I can go to commissary and stop my pain + suffering." (*Id.*). The Counselor returned the grievance to Plaintiff on April 21st, stating "Does not meet DR504, no incident date." (*Id.*). Plaintiff then submitted the grievance to the grievance officer, who received it on April 28, 2021, and responded over three months later on August 9, 2021, recommending that the grievance be denied because Plaintiff did not provide an incident date (*Id.* at p. 12). The Warden concurred and denied the grievance on August 16, 2021 (*Id.*). Plaintiff appealed to the ARB, (*Id.*), who responded on September 8, 2021, indicating that the grievance was being returned without review because Plaintiff did not provide incident dates as required by DR 504 (*Id.* at p. 11).

The fourth grievance at issue (and the second "new" grievance that has not already been subjected to judicial scrutiny) is number 2021-04-138, dated April 21, 2021 (Doc. 29-3, pp. 11, 17–18). In this grievance, Plaintiff stated, "Dr. Burrell refused to fix my teeth. He says I am responsible for them continuously breaking and him having to fix them. He needs to make them stronger. I have had them fixed 3 times. 2017-2018-2019." (*Id.* at p. 18). In the "Relief Requested" section of the grievance, Plaintiff wrote, "I want to be relieved of all obligations to pay the dental lab fees that you keep taking money off my trust fund to pay." (*Id.*). The Counselor returned this grievance to Plaintiff on April 22nd, stating "Does not meet DR504, no incident date." (*Id.*). As with the previous grievance, Plaintiff submitted it to the grievance officer, who recommended denying the grievance because Plaintiff did not provide an incident date (*Id.* at p. 17). The Warden concurred and denied the grievances on August 16, 2021 (*Id.*). Plaintiff appealed to the ARB, (*Id.*), who responded on September 8, 2021, indicating that the grievance was being returned

without review because Plaintiff did not provide incident dates as required by DR 504 (*Id.* at p. 11).

## LEGAL STANDARD

*Summary Judgment*

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court must view the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *E.g., Tolan v. Cotton*, 572 U.S. 650, 656, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)). *Accord Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). But when there are no material factual disputes, an evidentiary hearing is not necessary. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal question"). Here, as previously stated there are no material facts in dispute and no hearing is required.

*Exhaustion*

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to do so means failure to exhaust. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 Ill. Admin. Code § 504.800, *et seq*. (2017). The normal grievance process usually involves three steps. First, the offender must submit a grievance to their counselor. *Id.* at § 504.810(a).[1] After the counselor responds, the grievance goes to the grievance officer, who tenders a recommendation to the warden within two months after receipt of the written grievance, "when reasonably feasible under the circumstances." *Id.* at § 504.830(e). The warden then reviews the recommendation and provides the inmate with a written decision on the grievance. *Id.* If the inmate is unsatisfied with the warden's decision, he or she has thirty days from the date of the warden's decision to appeal to the Administrative Review

---

[1] There are exceptions to this rule, none of which apply here. 20 Ill. Admin. Code § 504.810(a) (2017).

Board ("ARB"). *Id.* at § 504.850(a). The ARB submits a written report of its findings and recommendations to the Director of the IDOC, who then makes a final decision. *Id.* at § 504.850(d), (e).

## DISCUSSION

With respect to the grievances dated November 13, 2018 and January 27, 2019, which Judge Sison determined were unexhausted, there is nothing in the record that demonstrates Plaintiff took any further action to attempt to rectify the problem and exhaust these grievances.

With respect to the April 19th grievance, Defendant Burrell argues that it was rejected for procedural reasons and therefore unexhausted (Doc. 29, pp. 14–15). The Court believes there is a more fundamental reason for concluding that this grievance is insufficient to exhaust Plaintiff's claim—it does not grieve a refusal by Dr. Burrell to provide dental care. In the threshold Order, the Court explained that Plaintiff was permitted to proceed on an Eighth Amendment deliberate indifference claim based on the understanding that he was alleging Defendant Burrell refused to provide him with any further dental treatment because he did not have enough money in his trust fund account to pay the fees associated with the treatment (Doc. 14, pp. 4, 5). In other words, treatment was conditioned on Plaintiff's ability to pay up front and in full for the treatment.[2] Plaintiff was not, however, permitted to proceed on any claims related to his

---

[2] *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) ("[P]rison officials may not 'condition provision of needed medical services on [an] inmate's ability or willingness to pay.'" (quoting *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))). *See also Cannon v. Mason*, 340 Fed. Appx. 495, 498 (10th Cir. 2009) ("The Eighth Amendment prohibits prison officials from denying an inmate medical treatment due to a lack of funds or conditioning the provision of needed medical services upon an

allegations about being charged a fee for dental services and about money being taken out of his account to pay those fees (Doc. 14, p. 4).

The April 19th grievance is about money being taken out of Plaintiff's trust account, not being refused dental care. The grievance reads as though Plaintiff thought his previous dental repairs were free but he now realizes he is being made to pay lab fees for those repairs. He complains about the money that has been taken out of his account. And the only relief he requests is to be reimbursed. Plaintiff does not explicitly state or impliedly suggest that he is currently in need of dental treatment, or that he recently sought treatment from Dr. Burrell but was refused because he could not pay the lab fee associated with the treatment up front and in full. For relief, he does not ask to see a dentist, for new dentures, or for anything else related to an ongoing need for dental care. Rather, the crux of the grievance is about his belief that money is being wrongfully deducted from his account. This grievance therefore did not serve to put prison officials on notice that Plaintiff was having a current problem obtaining dental care. *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (noting that the purpose of exhaustion is to give "a prison 'notice of, and on opportunity to correct, a problem.'" (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013))).

---

inmate's ability to pay."); *Martin v. Debruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995) ("A prison official who withholds necessary medical care, for want of payment, from an inmate who could not pay would violate the inmate's constitutional rights if the inmate's medical needs were serious . . . ."), *affirmed* 116 F.3d 1482 (7th Cir. 1997); *Ancata v. Prison Health Servs. Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("Delay in medical treatment cannot be justified as a means to coerce payment."); *Gonzalez v. O'Brien*, No. 16 C 50023, 2017 WL 1178602, at *4 (N.D. Ill. Mar. 30, 2017); *Foy v. Bantry Group*, 2016 WL 5107096, at *2 (C.D. Ill. 2016); *Weeks v. Hodges*, 871 F.Supp.2d 811 (N.D. Ind. 2012). *But see Clark v. Doe*, 202 F.3d 272, 1999 WL 994019, at *2 (7th Cir. 1999) (affirming dismissal of inmate's medical expense claim where hospital billed inmate for $1,700 because prison "fulfilled its Eighth Amendment duty to Clark by seeing that he was immediately taken to the hospital for treatment" and his "medical care was not conditioned on his ability to pay for it.").

But even if the April 19th grievance was relevant to the conduct underlying Plaintiff's claim, the Court agrees with Dr. Burrell that Plaintiff did not properly exhaust it because he failed to provide the date on which Dr. Burrell allegedly refused to provide him with dental care. IDOC regulations state that all administrative grievances must be filed within 60 days of the discovery of the incident giving rise to the grievance. ILL. ADMIN. CODE tit. 20, § 504.810(a). The regulations further direct prisoners to include factual details in their grievances, including the date when the incident occurred. *Id.* at § 504.810(c). By not including the relevant date, Plaintiff failed to demonstrate compliance with the grievance procedures and prison officials were entitled to reject his grievance. *See Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) ("[A] prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." (quoting *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006))).

The same goes for the April 21st grievance. It is not clear that this grievance is relevant to the claim at hand, but even assuming that it is, Plaintiff failed to comply with the grievance process by not including the date on which Dr. Burrell allegedly denied him dental care. In the "Summary of Grievance" section of the April 21st grievance, Plaintiff wrote that Dr. Burrell refused to fix his teeth and said that it is Plaintiff's fault they keep breaking. Plaintiff, however, believed it was Dr. Burrell's fault because he "needs to make them stronger." Plaintiff noted that he had his teeth fixed three times, in 2017, 2018, and 2019. Then, in the Relief Requested" section of the grievance, Plaintiff asks to "be relieved of all obligations to pay the dental lab fees that you keep taking money off

my trust fund to pay." The Court believes this grievance is most fairly construed as another complaint about money being deducted from Plaintiff's account. But it could also be read to imply that Plaintiff is asking to be relieved of any responsibility to pay dental fees so that he can receive the dental care that Dr. Burrell refused to provide him (although this construction of the grievance is somewhat of a stretch), which would make the grievance relevant to the claim at issue in this case. That being said, Plaintiff did not properly exhaust it because, as with the April 19th grievance, he failed to include that Dr. Burrell had allegedly refused to provide him with dental care at some point in the 60 days preceding the grievance.

Because neither of Plaintiff's grievances were properly exhausted, Defendant Burrell is entitled to summary judgment on the issue of exhaustion.

## Conclusion

The motion for summary judgment on the issue of exhaustion filed by Defendant Thomas Burrell (Doc. 28) is **GRANTED**. This case is dismissed without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: March 9, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R.APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R.APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).